Appeal of Gerson A. BUSH (77–1631), Plaintiff.

Mathis R. BUSH and Beatrice S. Bush (77–1632), Plaintiffs-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.

Nos. 77–1631, 77–1632.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 1979.

[redacted]

Perry Shields, Shields, Rainwater & Dutton, Knoxville, Tenn., for plaintiffs-appellants in both cases.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Tax Division, U. S. Dept. of Justice, Washington, D. C., Stuart E. Seigel, Chief Counsel, Internal Revenue Service, Washington, D. C., Joan I. Oppenheimer, Washington, D. C., for defendant-appellee in both cases.

Robert A. Bernstein, Washington, D. C., for defendant-appellee in 77–1631.

Before CELEBREZZE, BROWN and JONES, Circuit Judges.

ORDER

In this appeal, taxpayers seek reversal of a decision by the Tax Court (T.C.Memo. 1977–75) to the effect that a sale of parcels of real property in Knoxville by them resulted in ordinary income rather than capital gain. More specifically, the Tax Court ruled that, while taxpayers had at one time held this property as rental property, prior to their sale of the property they held the property for sale and that, as a result of their various activities over several months to bring about the sale of the property, they had placed themselves in the business of selling the property. Thus, the Tax Court determined, the property was held for sale in the ordinary course of taxpayers' trade or business and therefore not subject to capital gains treatment. 26 U.S.C. §§ 1221 and 1231.

[redacted] The Commissioner makes a concession that, since the underlying facts are not in dispute, the decision by the Tax Court "is subject to review free from the restraining impact of the so-called 'clearly erroneous' rule," citing *Gudgel v. Commissioner,* 273 F.2d 206 (6th Cir. 1959) and *Yunker v. Commissioner,* 256 F.2d 130 (6th Cir. 1958). These cases appear to so hold. In any event, we believe that the Commissioner is entitled to prevail whether or not the "clearly erroneous" rule is applied.

[redacted] It appears that the multifarious activities of taxpayers over a period of months to effect the sale of these parcels of real estate as part of a package included the following: obtaining a letter of intent from the University of Tennessee to purchase the property after a high rise apartment had been built thereon and on adjoining property, obtaining options to purchase the adjoining property, purchase of a parcel of adjoining property, employment of architects, obtaining building permits, consultations and negotiations with the party that ultimately purchased the entire package that included these parcels, who in turn was to build the apartment and sell it to the University, and activities of taxpayers in

**428**

aid of their purchaser in closing the transaction with the University of Tennessee. Accordingly, the taxpayers had indeed placed themselves in the business of selling these parcels of property.

The decision of the Tax Court is therefore AFFIRMED.